**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-3408-CM |
| ) | No. 03-20079-01 |
| **JAVIER HERNANDEZ-BANUELAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On June 26, 2003, a grand jury returned a one-count indictment charging defendant with re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). On August 18, 2003, defendant entered a plea of guilty to Count 1, and the court accepted the plea. The court sentenced defendant to forty-six months imprisonment on November 3, 2003, and judgment was entered on November 5, 2003. The sentence became final ten days after entry of judgment, when his time for appeal expired. Fed. R. App. P. 4(b)(1)(A)(I); *United States v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000).

This case is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 19), which defendant filed October 20, 2005. Defendant argues that the court lacked the authority to enhance his sentence based on defendant's criminal history. Specifically, defendant claims that he was improperly sentenced based on facts that were not presented to a jury or proved beyond a reasonable doubt.

**I.     Statute of Limitations**

A § 2255 motion must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As an initial matter, the court notes that defendant's October 20, 2005 filing was untimely under subsection (1) because it was filed more than one year after defendant's conviction was final. And no other subsections of § 2255 permit defendant to raise his claim beyond that date. Defendant seeks relief under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), but the Tenth Circuit has held that neither decision is retroactive. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (*Booker*). The Supreme Count issued *Blakely* on June 24, 2004 and *Booker* on January 12, 2005. Both opinions were issued after defendant's conviction was final. Nevertheless, because the government did not raise the statute of limitations issue, the court considers whether defendant is otherwise entitled to relief. *See United States v. Carter*, No. 00-2000, 2000 WL 1059317, at *1 n.1 (10th Cir. Aug. 2, 2000) (recognizing that the Tenth Circuit has not decided whether the statute of limitations defense can be raised by the court *sua sponte* in a habeas action). *But see Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (holding that the court may raise the one-year limitation *sua sponte*).

-2-

## II.     Plea Agreement

The court also finds that defendant waived his right to challenge his sentence in his plea agreement. The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

### A.     *Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in petitioner's plea agreement provides:

> **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in

this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

In the case at hand, defendant claims that the court improperly sentenced him. The court finds that defendant's claim falls squarely within the waiver in the plea agreement, in which defendant agreed that he would not collaterally attack any matter in connection with his sentence.

## B.   *Knowing and Voluntary*

Defendant acknowledged that he was entering into the plea agreement knowingly and voluntarily. Paragraph 23 of the Petition to Enter Plea of Guilty and Order Entering Plea (Doc. 14) states:

> I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment and in this petition, and in the certificate of my attorney which is attached to this petition.

The court has also reviewed the entire transcript of the change of plea hearing, and finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement). Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary. Because

-4-

defendant is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996), the court finds that defendant knowingly and voluntarily entered his plea.

## C. *Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Defendant bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted). Defendant has not made arguments with respect to any of these factors, and has not met his burden with respect to any of the factors.

## III. Merits of Defendant's Claim

Even if the court were to consider the merits of defendant's claim, the result would be the same. Defendant seeks relief based on *Blakely* and *Booker*. As previously noted, *Blakely* and *Booker* do not apply retroactively. *See Price*, 400 F.3d at 849; *Bellamy*, 411 F.3d at 1188. Defendant is not entitled to relief on his claim that he was sentenced based on his past criminal record that was not presented to a jury or proved beyond a reasonable doubt.

## IV. Conclusion

The record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 19) is denied.

Dated this 12th day of May 2006, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**